

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00395-CR

**SHAUN FITZPATRICK,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

From the 361st District Court
Brazos County, Texas
Trial Court No. 13-02709-CRF-361

## MEMORANDUM OPINION

Shaun Fitzpatrick appeals the trial court's judgment of conviction which he contends was signed on May 4, 2016. Fitzpatrick was required to file a notice of appeal within 30 days of the date he was sentenced in open court. *See* TEX. R. APP. P. 26.2(a)(1). His notice of appeal filed by the trial court on November 21, 2016 is untimely. We have no jurisdiction of an untimely appeal, and this appeal must be dismissed. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no appellate jurisdiction where notice of

appeal is untimely).[1]

Accordingly, this appeal is dismissed.[2]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed
Opinion delivered and filed November 30, 2016
Do not publish
[CR25]



---

[1] Another notice of appeal of the same conviction sent to us by Fitzpatrick in October of 2016 was also dismissed as untimely. *See Fitzpatrick v. State*, No. 10-16-00341-CR, 2016 Tex. App. LEXIS 11578 (Tex. App.—Waco Oct. 26, 2016, no pet.). Because the first notice of appeal, received directly from Fitzpatrick, stated the crime was indecency with a "minor" and because the second notice of appeal, received from the district clerk, stated the crime was indecency with a "child" and because the second notice of appeal was received after the Court's opinion issued, it initially appeared the second notice of appeal was prepared and filed in response to the earlier issued opinion. Upon further review, it may be that the notice of appeal initially received by the Court was intended as a manually prepared copy of the notice of appeal sent to the district clerk and then forwarded to us. Nevertheless, because the description of the crime in each notice of appeal was different, it caused the Court to conclude the notice of appeal should be separately docketed.

[2] A motion for rehearing may be filed within 15 days after the judgment of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgment was rendered or the day the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2(a).